**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff**, | § § § | |
| **v.** | § § | **Case No.: 4:26-cv-02721** |
| **AARON VERDUGO,**<br>**VERDUGO ENTERPRIZES, LLC**<br>**DBA BDAASWORX, AND**<br>**BDAAS INC.** | § § § § § | |
| **Defendants.** | § § § | |

**FINAL JUDGMENT AS TO DEFENDANTS AARON VERDUGO, VERDUGO
ENTERPRIZES, LLC DBA BDAASWORX, AND BDAAS INC.**

The Securities and Exchange Commission having filed a Complaint [Dkt. No. 1] and

Defendants Aaron Verdugo ("Verdugo"), Verdugo Enterprizes, LLC d/b/a BDaaSWorx

("Verdugo Enterprizes"), and BDaaS Inc. ("BDaaS") (collectively, the "Defendants") having

entered a general appearance; consented to the Court's jurisdiction over Defendants and the

subject matter of this action; consented to entry of this Final Judgment without admitting or

denying the allegations of the Complaint (except as to jurisdiction and except as otherwise

provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived

any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are

permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act

1

of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Sections 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading

by, directly or indirectly: (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities, (B) the use of investor funds, or (C) the misappropriation of investor funds or investments proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]

3

and Exchange Act Rule 10b-5(b) [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities, (B) the use of investor funds, or (C) the misappropriation of investor funds or investments proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], for a period of five years from the date of this Final Judgment, Defendant Verdugo is permanently restrained and enjoined and prohibited from:

    (a)    directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Verdugo, participating in the issuance, purchase, offer, or

4

sale of any security, provided, however, that such injunction shall not prevent Defendant Verdugo from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Verdugo's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Verdugo or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that: (1) Defendants are liable for disgorgement in the amount of $5,537,678, representing their net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $844,531, on a joint-and-several basis, pursuant to Sections 21(d)(3), 21(d)(5), and 21(d)(7) of the Exchange Act, and (2) Defendant Verdugo is liable for a civil penalty in the amount of $236,000 pursuant to Section 20(d)(1) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Defendants shall satisfy these obligations by each paying the amounts identified above to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants' name in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain

jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Verdugo shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Verdugo's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Verdugo shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that the Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant Verdugo, and further, any debt for disgorgement, pre-judgment interest, civil penalty or other amounts due by Defendant Verdugo under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Verdugo of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated:  _____, 2026


_____
UNITED STATES DISTRICT JUDGE

8